IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MERLENE JORDAN,  )
                                    ) No. 12-244
    Plaintiff,  )
                                    )
v.  )

CAROLYN W. COLVIN,

    Defendant.

**OPINION AND ORDER**

**SYNOPSIS**

In this case, Plaintiff, proceeding pro se, appeals the ALJ's determination that she was ineligible for Supplemental Social Security Income due to excess resources. In brief, Defendant received an IRS alert regarding multiple possible resources and accounts in Plaintiff's name, the total amount of which would disentitle her to receive benefits. Eventually, Plaintiff's benefits, which she had been receiving since 1995, were discontinued due to excess resources. Ultimately, after repeated attempts to verify the nature and extent of those resources, and further proceedings and discussions, the parties appeared before an ALJ for a due process hearing on February 16, 2011. By decision dated March 4, 2011, the ALJ found that the accounts at issue constituted countable resources. Presently before the Court are the parties' cross-motions for Summary Judgment, and Plaintiff's Motion for an Oral Hearing. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

1

**OPINION**

**I.     STANDARD OF REVIEW**

The scope of my review is limited to assessing whether the ALJ's decision is supported by substantial evidence. 42 U.S.C. § 405(g); "Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 28 L. Ed. 2d 842, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 83 L. Ed. 126, 59 S. Ct. 206 (1938)).  According to this limited scope of review, a court "must uphold a final agency determination unless we find that it is not supported by substantial evidence in the record." Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005).  "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).

In addition, pertinent here, pro se pleadings are to be assessed under a liberal pleading standard. Haines v. Kerner, 404 U.S. 519, 521, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Moreover, if a claimant is pro se, the ALJ has a heightened duty to develop the record. Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979).  I have considered the parties' Motions with these principles in mind.

**OPINION**

**I.     PLAINTIFF'S MOTION**

According to applicable regulations, a disabled individual is eligible for SSI benefits if her non-excludable resources do not exceed $2,000. 20 C.F.R. § 416.1205(c). "Resources" means cash or other liquid assets or any real or personal property that an individual owns and could convert to cash to be used for his or her support and maintenance. Id. at § 416.1201(a). If

an individual has the "right, authority, or power to liquidate the property…it is considered a resource." Id. at § 416.1201(a)(1). "If an individual is designated as sole owner by the account title and can withdraw funds and use them for his or her support and maintenance, all of the funds, regardless of their source, are that individual's resource." Id. at § 416.1208(b) (emphasis added). "As long as these conditions are met, there is a non-rebuttable presumption that the individual owns all of the funds in the account." Eystad v. Comm'r of Soc. Sec., No. 12-923, 2013 U.S. Dist. LEXIS 48047, at *9 (N.D. Cal. Apr. 2, 2013); see also 20 C.F.R. § 416.1208(b).

Here, the primary issues presented are whether money, held in accounts in Plaintiff's name but awarded in the VA proceeding in 1984, is countable as Plaintiff's resource; and whether a Family Savings Account is countable as a resource. According to the IRS alert and other documents of record, Plaintiff bears title as payee on all of the pertinent accounts. There is no dispute that the total amount of the funds, if countable as Plaintiff's resources, is sufficient to render her ineligible for benefits.

With regard to the money from the VA proceeding, Plaintiff asserted that she had not spent any of the money for herself, and that it could only be used for college or to bury her children. At the hearing, Plaintiff testified she put her daughter's money in her own name because her daughter was immature and would have spent all of the money if it had not been placed under Plaintiff's name. She also put the money in her own for the purposes of her own study to become a financial planner, which study she undertook for her own personal benefit. In order to learn about different types of investments as part of her studies, she stated, she placed the money into several different accounts.

The record contains letters from an attorney, dated 1992, stating that Plaintiff's daughter received a favorable VA decision in 1984, regarding dependent benefits relating to the Veteran's

3

Benefits of Eugene Bankhead. The letter states, "these dependent benefits are strictly for the child…as long as she continued as a school child, and were not the benefits or money of her mother…." With respect to her daughter's age at the time of the February, 2011 ALJ hearing, Plaintiff stated, "I don't know, I think she [sic] 40 something…." Thus, even absent more precise evidence of age, it is apparent that Plaintiff's daughter was well into the age of majority in 1984, at the time of the VA decision. There is absolutely no evidence of record that Plaintiff was anything other than the sole legal owner of the accounts in question – i.e., there is no suggestion that she held the money in trust, jointly, or as a legal guardian.[1] There is no evidence that the daughter who received the award "continued as a school child." Plaintiff's references to a daughter other than the recipient of the VA award are not relevant. The sole pertinent evidence in that regard is a 1992 letter from counsel referencing an enclosed Power of Attorney, and instructing that Plaintiff's daughter must execute it before a notary. The Power of Attorney itself is not in evidence.

The ALJ well may have accepted Plaintiff's testimony that the money was "for" her daughter; and believed her suggestion that she had not spent any of the money on herself, and did not intend to do so. However, in light of evidence that Plaintiff was designated as sole owner by the account title, and absent evidence that she was unable to withdraw funds and use them for her own support, Plaintiff's testimony does not undermine the ALJ's conclusions under applicable regulations. Cf. Eystad, 2013 U.S. Dist. LEXIS 48047, at **11-12. In other words, while the ALJ made no express credibility determinations, he did not need to do so.[2]

---

[1] Indeed, Plaintiff's actual exercise of authority over the money is consistent with her legal ownership thereof. because she was studying to become a financial planner. At the hearing, she testified that she had the power to take out the money and "switch it around."

[2] An ALJ may disregard self-serving statements, or make credibility assessments, regarding excess resources. See, e.g., Rashad v. Sullivan, 903 F. 2d 1229, 1231 (9th Cir. 1990). Moreover, an ALJ may disregard such statements if they are unsupported by objective evidence. Id.

I take note that Plaintiff's submissions, and her assertions that the money was or would be used for educational and burial expenses, suggest a desire to take advantage of various resource exclusions. The burial expense exclusion "applies only if the funds set aside for burial expenses are kept separate from all other resources not intended for burial of the individual (or spouse) and are clearly designated as set aside for the individual's (or spouse's) burial expenses. If excluded burial funds are mixed with resources not intended for burial, the exclusion will not apply to any portion of the funds." 20 C.F.R § 416.1231. In this case, there is absolutely no evidence that such funds were designated or set aside for burial expenses. As regards educational expenses, a "grant, scholarship, fellowship, or gift" set aside for educational expenses are excludable only for a limited time, which has long expired in this case, following receipt. Id. at § 416.1250. None of the monies at issue qualify for exclusion under this Section.

Similarly, Plaintiff disputes the inclusion of a Family Savings Account in the analysis. She has indicated that those funds may only be used to purchase a car; another time, she asserted that it can only be used for education, a house, or a car. There is, however, no objective evidence of any restriction on the FSA funds.[3] She has also suggested that this FSA was part of a self-sufficiency program, and thus should be excluded. To the extent that Plaintiff intends to rely on the exclusion for expenses used to achieve self-support, resources set aside for that purpose must be part of an approved plan in order to be excludable. 20 C.F.R. §§ 416.1225, 1226. There is no evidence of any such plan involving the FSA or otherwise. Plaintiff has submitted to this Court a letter, dated April 3, 2013, from the Program Director of the Family Savings Account Program at the Greater Erie Community Action Committee. The letter, or its equivalent, was not before the ALJ at the time of the hearing, and is not properly considered. In any event, the letter states that

---

[3] Plaintiff submitted an information flyer about the FSA program, which reads, "Earn money to pay the down payment on a house, further education, start/expland a small business, home repair, purchase a car or save for retirement." This does not evidence the type of restricted account Plaintiff attempts to depict.

5

the FSA is not to be counted as a resource for SSI purposes.[4] The Program Director's legal conclusion, however, is not supported by any facts of record about the FSA, and none are set forth in the letter.

While I am not without concerns in light of Plaintiff's pro se status, those concerns are alleviated by the unique circumstances of this case.[5] Over a period of years, Plaintiff was repeatedly apprised of the Defendant's concerns about the excess resources, and repeatedly apprised of specific documentation required. Nonetheless, she repeatedly failed to provide requested documentation that would justify excluding the money at issue, or requested authorizations that would permit Defendant to obtain such documentation on her behalf. Moreover, the record reflects that Plaintiff was advised, prior to the hearing, that absent requested documentation, the information in the IRS alert would be used as a basis for a decision regarding her resources. At the hearing itself, the ALJ advised Plaintiff that he required bank statements. Moreover, Plaintiff does not now assert that the ALJ somehow failed to develop the record or obtain pertinent information; instead, she repeats the arguments that she has made previously in these proceedings, with few alterations. For what appears to be the first time, she now asserts that her daughters' finances are involved, that there is family disagreement about the accounts, and that she cannot release their bank account information. Given the evidence that she bears sole title of the accounts in question, the grounds for this proposition are wholly unclear.

---

[4] The letter states, "I have included in the letter information how the Social Security Office has ruled that the Family Savings Account…is to be excluded as a resource when determining your income. You are a participant in our Family Savings Account program and as such the interest, and money that you have in your account do not count as income or resources when they figure your SSI."

[5] I note, too, that Plaintiff received notices regarding the right to representation, including information about counsel fees, and a list of attorneys. At the hearing, the ALJ thoroughly discussed her right to counsel, and asked, "What would you prefer to do? She responded, "Go ahead, proceed." The right to counsel was adequately addressed, and Plaintiff does not suggest otherwise.

I empathize with Plaintiff's apparent frustration and have carefully considered her many references to what is unquestionably a difficult and complicated family situation. I have also carefully considered Plaintiff's recitations of her various expenses and debts, and commend her efforts at self-education and self-betterment. Nonetheless, according to my limited scope of review permitted me, as well as applicable law and regulations, I am constrained to affirm the ALJ's decision.

## CONCLUSION

For the foregoing reasons, I find that the ALJ's decision was supported by substantial evidence. Plaintiff's Motion for Summary Judgment will be denied, and Defendant's granted. An appropriate Order follows.

## ORDER

AND NOW, this 31st day of January, 2014, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion for Summary Judgment and for oral Hearing are DENIED and Defendant's Motion is GRANTED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court